UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMUEL BROWN, | : | PRISONER CASE NO. |
|     Plaintiff, | : | 3:11-cv-950(JCH) |
| v. | : | |
| | : | |
| MARSHALS JOHN DOE, et al., | : | AUGUST 26, 2011 |
|     Defendants. | : | |

**INITIAL REVIEW ORDER**

The plaintiff, Samuel Brown, was incarcerated at Osborn Correctional Institution in Somers, Connecticut when he filed this action *pro se* under 42 U.S.C. § 1983. He now resides in Norwalk, Connecticut.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on October 7, 2009, he was transported from Bridgeport Correctional Center to Norwalk Superior Court.  At some point during the trip, the driver of the prison van backed into a building.  Paramedics transported Brown to the hospital for treatment.   Prison officials or Connecticut Marshals then transported Brown back to Norwalk Superior Court.  Upon Brown's return to Bridgeport Correctional Center, medical personnel provided Brown with pain medication.

In April 2011, a prison official issued a bottom tier pass to Brown.  Other prison officials refused to move Brown to a cell on the bottom tier.  On April 25, 2011, Brown slipped and fell as he was walking down the stairs on his way back from recreation.  Medical personnel examined the plaintiff, but did not "really do anything" other than to order that he be housed on the bottom tier.  Compl. at 7.  Brown seeks monetary damages.

The only two defendants are "Department of Corrections John Doe" and "Marshals John Doe."  Brown does not otherwise describe these defendants or mention either one of them in the body of the complaint.  As such, Brown has failed to allege that either defendant violated his federally or constitutionally protected rights.

In addition, although Brown alleges, first, that he was a passenger in a prison van when it backed up into a wall, and, second, that he slipped and fell down the stairs at Bridgeport Correctional Center, he does not assert that he suffered any injuries as a result

of these accidents.  Even if physical injuries were suffered, any claim that Department of Correction officials or Connecticut State Marshals were negligent in causing or responding to either accident fails to state a claim upon which relief may be granted.  See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (holding that negligence on the part of prison officials is insufficient to establish liability under section 1983); Poe v. Leonard, 282 F.3d 123, 145 (2d Cir.2001) ("mere negligence is insufficient as a matter of law to state a claim under section 1983"); Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996) (same).  Accordingly, the claims against the defendants are dismissed.  See 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against the defendants are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over any state law claims.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

(2)     If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

(3)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)     The Clerk is directed to enter judgment for the defendants and close this

case.

**SO ORDERED** this 26th day of August, 2011, at Bridgeport, Connecticut.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge